UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14CV23336-FAM

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

ABATEMENT CORP. HOLDING COMPANY LIMITED,

    Defendant, and

BRENDA M. DAVIS
INTERNATIONAL BALANCED FUND,

    Relief Defendants.

FILED by ___ D.C.
SEP 18 2014
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

## SECURITIES AND EXCHANGE COMMISSION'S EMERGENCY MOTION FOR ASSET FREEZE AND OTHER RELIEF

The Securities and Exchange Commission ("Commission") moves for an order:

    a.    freezing the assets of Defendant Abatement Corp. Holding Company Limited ("Abatement"), and Relief Defendants Brenda M. Davis and International Balanced Fund ("IBF");

    b.    requiring Abatement, Davis, and IBF to provide a sworn accounting;

    c.    requiring Abatement, Davis, and IBF to repatriate assets held outside the United States; and

    d.    permitting expedited discovery.

In support of this Motion, the Commission relies on the accompany Exhibits and Memorandum of Law.

For the reasons detailed in the Memorandum of Law, the Commission is proceeding on an emergency basis to freeze assets to ensure their availability to satisfy the disgorgement award the Commission is likely to obtain. Joseph Laurer, who died in May 2014 at age 69, controlled Abatement and IBF. Laurer was married to Davis.

From at least 2004 through his death, Laurer perpetrated an investment fraud and Ponzi scheme. At the time Laurer died, Abatement held approximately $900,000 in an account at a bank in the Turks and Caicos Islands and IBF held $82,000 in an account at Bank of America.

During the course of the scheme, Laurer provided Davis with more than $1 million in investor funds: $600,000 in direct payments, and $456,000 in real estate purchases. Laurer also used investor money to pay the majority of the premiums on a life insurance policy, and Davis was paid the $510,000 death benefit in late July.

The Commission has a concern about dissipation of these assets, which is all it need show at this stage. *See FTC v. IAB Marketing Associates, LP*, 972 F. Supp. 2d 1307, 1313 n.3 (S.D. Fla. 2013) ("There does not need to be evidence that assets will likely be dissipated in order to impose an asset freeze."). Here, in the days just before Laurer's death (while he was hospitalized) and in the three weeks after his death, $37,000 was spent out of IBF's account, including $20,000 in checks to Davis. Three weeks ago, Davis spent nearly $7,000 of the insurance proceeds. Investor money was the couple's primary source of income for years, and absent a freeze Davis will have the opportunity to continue to spend these funds for living expenses and to defend this litigation.

September 10, 2014                              Respectfully submitted,

                              By:     s/Andrew O. Schiff
                                      Andrew O. Schiff
                                      Senior Trial Counsel
                                      S.D. Fla. No. A5501900
                                      Direct Dial: (305) 982-6390
                                      E-mail: SchiffA@sec.gov
                                      ***Lead Attorney***

                                      Terence M. Tennant
                                      Senior Counsel
                                      Florida Bar No. 0739881
                                      Direct Dial: (305) 982-6346

                                      Attorneys for Plaintiff
                                      **SECURITIES AND EXCHANGE COMMISSION**
                                      801 Brickell Avenue, Suite 1800
                                      Miami, Florida 33131
                                      Telephone: (305) 982-6300
                                      Facsimile: (305) 536-4154