UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-cv-23336-MORENO/O'SULLIVAN

SECURITIES AND EXCHANGE COMMISSION,  )
                                     )
                    Plaintiff,       )
                                     )
v.                                   )
                                     )
ABATEMENT CORP. HOLDING COMPANY LIMITED,  )
                                     )
                    Defendant, and   )
                                     )
BRENDA M. DAVIS                      )
INTERNATIONAL BALANCED FUND,         )
                                     )
                    Relief Defendants. )
_____ )

### ORDER AND FINAL JUDGMENT AGAINST DEFENDANT ABATEMENT CORP. HOLDING COMPANY LIMITED AND RELIEF DEFENDANT INTERNATIONAL BALANCED FUND

**THIS MATTER** is before the Court on Plaintiff Securities and Exchange Commission's Motion for Entry of Final Judgment for Declaratory Relief and Disgorgement against Defendant Abatement Corp. Holding Company Limited ("Abatement") and for Disgorgement against Relief Defendant International Balanced Fund ("IBF") [DE 31].

Having considered the motion and the entire record, the Court enters the following order granting the motion and entering Final Judgment against Abatement and IBF as follows:

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. This Court has personal jurisdiction over Abatement and IBF and the subject matter of this action. Venue is proper in the Southern District of Florida.

2. Abatement and IBF were properly served with a summons and a copy of the Complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure. Thus, both defendants have proper notice of this action. As of the date of this Order, however, Abatement and IBF

have failed to answer or otherwise respond to the Complaint as required by the Federal Rules of Civil Procedure.

4. The Clerk entered a default against Abatement and IBF on October 16, 2014. [DE 26].

5. By virtue of the default and failure to respond to the Complaint, Abatement and IBF are deemed to have admitted the allegations of the Complaint, and the Commission has established liability against Abatement and its entitlement to relief against both defendants. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). Thus, the Court declares, determines and finds Abatement violated Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a); and Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and 17 C.F.R. § 240.10b-5.

Accordingly, it is:

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Entry of Final Judgment for Declaratory Relief and Disgorgement against Defendant Abatement Corp. Holding Company Limited and for Disgorgement against Relief Defendant International Balanced Fund is **GRANTED**. Final Judgment is entered against Abatement and IBF as follows:

I.

### DISGORGEMENT AND PREJUDGMENT INTEREST AGAINST ABATEMENT

**IT IS FURTHER ORDERED AND ADJUDGED** that Abatement is liable for disgorgement in the principal amount of $3,724,321.46, representing profits gained as a result of the conduct alleged in the Complaint [DE 1] less amounts paid to investors, together with prejudgment interest thereon, in the amount of $37,414.69. Abatement shall satisfy this obligation by paying the total amount of $3,761,736.15 to the Commission within 14 days after entry of this Final Judgment.

Abatement may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment also may be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Abatement also may pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter (i) identifying the case title, civil action number, and name of this Court; (ii) identifying Abatement as a defendant in this action; and (iii) specifying that payment is made pursuant to this Final Judgment. Abatement shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action:

> Andrew O. Schiff, Esq.
> Patrick R. Costello, Esq.
> Securities & Exchange Commission
> 801 Brickell Avenue, Suite 1800
> Miami, FL 33131
> schiffa@sec.gov
> costellop@sec.gov

By making this payment, Abatement relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to it. The Commission shall hold the funds (collectively, the "Abatement Fund") and may propose a plan to distribute the Abatement Fund subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the Abatement Fund. If the Commission staff determines that the Abatement Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce this Final Judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Abatement shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## II.

## DISGORGEMENT AND PREJUDGMENT INTEREST AGAINST IBF

**IT IS FURTHER ORDERED AND ADJUDGED** that IBF is liable for disgorgement in the principal amount of $1,126,535.40, representing profits gained as a result of the conduct alleged in the Complaint [DE 1] less amounts paid to investors, together with prejudgment interest thereon in the amount of $11,317.22. IBF shall satisfy this obligation by paying the total amount of $1,137,852.62 to the Commission within 14 days after entry of this Final Judgment.

IBF may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment also may be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. IBF also may pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter (i) identifying the case title, civil action number, and name of this Court; (ii) identifying IBF as a defendant in this action; and (iii) specifying that payment is made pursuant to this Final Judgment. IBF shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action:

Andrew O. Schiff, Esq.
Patrick R. Costello, Esq.
Securities & Exchange Commission
801 Brickell Avenue, Suite 1800
Miami, FL 33131
schiffa@sec.gov
costellop@sec.gov

By making this payment, IBF relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to it. The Commission shall hold the funds (collectively, the "IBF Fund") and may propose a plan to distribute the IBF Fund subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the IBF Fund. If the Commission staff determines that the IBF Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce this Final Judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. IBF shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## III.

### RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction over this matter and over Abatement and IBF in order to implement and carry out the terms of all orders and decrees that may be entered and/or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and will order other relief that this Court deems appropriate under the circumstances.

IV.

## RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

DONE AND ORDERED in Chambers in Miami, Florida, this 29th day of October, 2014.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies to:

Andrew O. Schiff, Esq.
Patrick R. Costello, Esq.
U.S. Securities and Exchange Commission
801 Brickell Avenue, Suite 1800
Miami, Florida 33131
**(counsel for Plaintiff) (via CM/ECF)**


Leonard H. Bloom, Esq.
Alexandra Mora, Esq.
Akerman LLP
One Southeast Third Avenue, Suite 2500
Miami, FL 33131-1714
**(counsel for Relief Defendant Brenda M. Davis) (via CM/ECF)**


Abatement Corp. Holding Company Limited
First Egeria Company Limited
Suite 202
Taino Place
Grand Turk
Turks and Caicos Islands
TKCA1ZZ
**(Pro se) (via First-Class Mail International)**


International Balanced Fund
c/o The Company Corporation
Registered Agent
2711 Centerville Rd., Suite 400
Wilmington, DE 19808
**(Pro se) (via First-Class Mail)**