UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number:  14-23336-CIV-MORENO

SECURITIES   AND   EXCHANGE
COMMISSION,

      Plaintiff,

vs.

ABATEMENT CORP. HOLDING COMPANY
LIMITED
      Defendant, and

BRENDA M. DAVIS and INTERNATIONAL
BALANCED FUND,
      Relief Defendants.
_____/

## ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION AND CONSENT FINAL JUDGMENT AS TO RELIEF DEFENDANT BRENDA M. DAVIS

THE MATTER was referred to the Honorable John J. O'Sullivan, United States Magistrate Judge for a Report and Recommendation on Plaintiff's Unopposed Motion for Entry of Final Judgment as to Relief Defendant Brenda M. Davis **(D.E. No. 45)**, filed on **March 26, 2015**. The Magistrate Judge filed a Report and Recommendation **(D.E. No. 46)** on **March 26, 2015**. The Court has reviewed the entire file and record.  The Court has made a *de novo* review of the issues, and being otherwise fully advised in the premises, it is

**ADJUDGED** that United States Magistrate Judge John J. O'Sullivan's Report and Recommendation **(D.E. No. 46)** on **March 26, 2015**, is **AFFIRMED** and **ADOPTED**. Accordingly, it is

**ADJUDGED** that Final Judgment is entered as to Brenda M. Davis is entered as follows:

The Securities and Exchange Commission having filed a Complaint and Relief Defendant

Brenda M. Davis having entered a general appearance; consented to the Court's jurisdiction

over her and over the subject matter of this action; consented to entry of this Final

Judgment without admitting or denying the allegations of the Complaint (except as to

jurisdiction and except as otherwise provided herein in Paragraph IV); waived findings of

fact and conclusions of law; and waived any right to appeal from this Final Judgment:

## I.  DISGORGEMENT

**IT IS ORDERED AND ADJUDGED** that Davis is liable for disgorgement

and prejudgment interest in the total amount of $525,000.  This amount shall be satisfied

within ten (10) days of the entry of this Final Judgment from funds that are presently frozen

pursuant to the Court's prior Agreed Order Further Extending Temporary Asset Freeze as

Brenda M. Davis, entered on January 27, 2015 [DE 41] (the "Temporary Asset Freeze").

These frozen funds are contained in the following accounts:

1.   Brenda Davis
     John Hancock Life Insurance Company (USA)
     Safe Access Account No. XXXXX2818

2.   Brenda Davis
     Capital Bank, NA
     a.   Account No. XXXXXXX0706
     b.   Former TIB Bank of the Keys account no. XXXXXXXX3906

3.   Brenda Davis
     JP Morgan Chase Bank
     Account No. XXXXXXXXXX7157

The Commission shall direct these financial institutions to disburse the

frozen funds to satisfy the payment of $525,000. The Commission shall provide

specific payment instructions to the institutions. The disbursements made by the institutions pursuant to this paragraph shall not be considered a violation of the Temporary Asset Freeze.

To the extent the frozen funds listed above are insufficient to pay the $525,000 total payment amount, Davis shall pay the balance to the Commission within ten (10) days of the Commission's notice to Davis of the balance and the amount thereof. Davis may transmit payment of the balance electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment also may be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Davis also may pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter (i) identifying the case title, civil action number, and name of this Court; (ii) identifying Davis as a relief defendant in this action; and (iii) specifying that payment is made pursuant to this Final Judgment.

Davis shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action:

> Patrick R. Costello, Esq.
> Securities & Exchange Commission

-3-

801 Brickell Avenue, Suite 1800
Miami, FL 33131
costellop@sec.gov

The Commission may enforce payment of the balance by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after ten (10) days of the notice to Davis of the balance and amount thereof. Davis shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. Post judgment interest shall accrue from the date of any default on payment of the balance.

Davis relinquishes all legal and equitable right, title, and interest in all funds paid pursuant to this Final Judgment and no part of the funds shall be returned to her. The Commission shall hold the funds and may propose a plan to distribute the funds subject to the Court's approval. The Court shall retain jurisdiction over the administration of any such distribution. If the Commission staff determines that the funds will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

## II. RELINQUISHMENT OF INTEREST

**IT IS FURTHER ORDERED AND ADJUDGED** that Davis hereby relinquishes all right, title and interest she may have in Defendant Abatement Corp. Holding Company Limited and Relief Defendant International Balanced Fund; their respective parents, subsidiaries, affiliates, predecessors, and successors; and any of their respective assets or property, including but not limited to cash, free credit balances, accounts, securities, personal property, real property, and/or property

-4-

pledged or hypothecated as collateral for loans, whether held jointly or singly, and wherever located.

## III.  INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent filed herewith is incorporated with the same force and effect as if fully set forth herein, and that Davis shall comply with all of the undertakings and agreements set forth therein.

## IV.  BANKRUPTCY NONDISCHARGEABILITY

**IT IS FURTHER ORDERED AND ADJUDGED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the Complaint are true and admitted by Davis, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Davis under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## V.  RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter and of Davis for the purposes of enforcing the terms of this Final Judgment.

## VI.  TERMINATION OF TEMPORARY ASSET FREEZE

Upon receipt by the Commission of the funds from the financial institutions in

satisfaction of the $525,000 amount as set forth in Paragraph I above, the Temporary Asset

Freeze shall be deemed vacated in all respects and the Commission shall provide notice of the

same to all financial institutions subject to the Temporary Asset Freeze.

## VII.  RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

DONE AND ORDERED in Chambers at Miami, Florida, this 27 day of March, 2015.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

United States Magistrate Judge John J. O'Sullivan

Counsel of Record